# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAYRA MARTIN,

        Plaintiff,

v.

SAM'S EAST, INC., a foreign profit
corporation,

        Defendant

Case No:   6:25-cv-302-GAP-LHP

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   DEFENDANT'S MOTION TO COMPEL BETTER
> RESPONSES TO DEFENDANT'S FIRST SET OF
> INTERROGATORIES (Doc. No. 33)**
>
> **FILED:   April 10, 2026**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff has filed an employment discrimination action against Defendant,

her former employer, alleging violations of Title VII of the Civil Rights Act of 1962,

42 U.S.C. § 1981, and the Americans With Disabilities Act.   Doc. No. 1.   Discovery

closes on August 17, 2026, and the dispositive motions deadline is October 1, 2026. Doc. No. 30. On April 10, 2026, Defendant filed the present motion, through which Defendant seeks to compel Plaintiff to fully answer four previously-served interrogatories (5-8), and to waive any objections Plaintiff lodged with respect to a non-party subpoena, which Defendant seeks to serve on one of Plaintiff's medical providers. Doc. No. 33. According to the motion, Plaintiff never objected to the interrogatories, but to date has failed to fully respond to them, and the lone objection that the non-party subpoena is "overly broad and unreasonable in duration" is boilerplate and should be overruled on that basis. *Id.*, at 2-3. *See also* Doc. No. 33-6, at 4-7; Doc. No. 33-7. Defendant does not seek an award of fees or any other sanction.

As set forth in the Local Rule 3.01(g) certification, Plaintiff has declined to provide a position on the motion. Doc. No. 33, at 3. However, Plaintiff has not responded to the motion, and the time for doing so expired on or about April 15, 2026. *See* Doc. No. 25, ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response will result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when

- 2 -

opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion and the related discovery attached, the Court finds the motion well taken.   Accordingly, it is **ORDERED** as follows:

1.      Defendant's Motion to Compel Better Responses to Defendant's First Set of Interrogatories (Doc. No. 33) is **GRANTED**.

2.      Within **seven (7) days** of the date of this Order, Plaintiff shall serve verified supplemental answers to Interrogatories 5, 6, 7, and 8, and in particular, complete the chart provided for those Interrogatories.   *See* Doc. No. 33-1.

3.      All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.   *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not

addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4.     Within **seven (7) days** from the date of this Order, Defendant may serve its non-party subpoena (Doc. No. 33-6, at 4-7) on non-party Nan Bhalai LCSW. Plaintiff's objection to the production required by the subpoena is overruled as boilerplate, and deemed waived based on the failure to respond to the present motion.   *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." (citation omitted)); *Asphalt Paving Sys., Inc. v. General Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections." (citation omitted)).   *See also Tire Stickers, LLC v. Scuderia Automobili*, No. 6:19-mc-2-ORL-41LRH, 2020 WL 13597421, at *3 (M.D. Fla. Sept. 18, 2020) (overruling as boilerplate objections to a subpoena that the requests are "overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.").[1]

---

[1] Of course, because the subpoena has not yet been served, this Order does not speak to non-party Nan Bhalai's right to file objections if appropriate.

5.      **Plaintiff is advised that failure to comply with this Order may result in sanctions.**   *See* **Fed. R. Civ. P. 37(b).**[2]

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] Defendant does not request an award of fees or any other sanction, therefore the undersigned declines to award sanctions at this time.   *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).